The action was brought on the following note and indorsement.
 Wilmington, 26th April 1825.
$462 75
Sixty days after date, I promise to pay to John Erwin or order $462 75 without defalcation, for value received.
 (Signed) ELI LAMBORN.
This note was indorsed in blank by Cyrus Lamborn, and plff. wrote over this blank indorsement these words: "In case the debt within mentioned is not paid by Eli Lamborn within named, at the time it is payable, I promise to pay the same to John Erwin. 26th April 1825."
The proof in the cause established that Eli Lamborn being indebted to Erwin, drew his note dated 24th Feb. 1825, at sixty days in favor of Cyrus Lamborn, which Cyrus indorsed to Erwin. At the maturity of this note it was cancelled, and the present note given. It was also proved that Eli Lamborn died about September 1825, and that his estate was insolvent.
Hamilton for the plff. contended.
That the alteration in the form of the security when this note was substituted for the first was a fraud on Erwin. That being made payable to Erwin and indorsed by Cyrus Lamborn it was not negotiable, nor did Cyrus stand in the character of an indorser, but in that of a general guarantor. This is the effect of the indorsement, and where a person puts his name on the back of a note not negotiable or payable to bearer, the holder may write over this blank indorsement a guarantee or promise to pay, and the guarantor is equally bound with the maker, being a joint promissor. This may be done either before or at the trial. 13 Johns. Rep. 175; 11 Mass. Rep. 436, 440; 9 ditto 316; 2 Doug. 516.
He also cited the case of Henry and Marim vs. JosephShallcross, where this point was decided in our Court of Appeals on appeal from the Supreme Court, 1799. Here the note was drawn by Thomas Shallcross to plffs., and indorsed in blank by deft. And the court said it amounted to a general engagement to be responsible in case of nonpayment by the maker. *Page 126 
 Latimer and Read, Jr., for deft., insisted that this was only a conditional engagement, and did not warrant the agreement which plff. had written over deft's. signature. A negociable note was given in the first place from E. Lamborn to C. Lamborn, and by him indorsed to Erwin. The renewal of the note was the same transaction, but it was made payable to Erwin probably by mistake. No evidence that the parties intended to change the nature of the security, or that C. Lamborn consented to change his responsibility as an indorser for that of a guarantor generally. As an indorser he was entitled to demand and notice, for the want of which he is discharged. The privilege of writing over a blank indorsement is confined to negociable paper, and the engagement overwritten must always be consistent with the nature of the transaction. This is a violation of the original contract. 14Mass. Rep. 279; 5 Serg. Rawle 363; 3 Bin. 126; 8 Com. Law Rep. 8.
But admitting deft. to stand in the condition of a guarantor, the plff. should have proved a demand on Eli and notice to him. If insolvency excuses the demand and notice it must be proved. It is not here proved. The proof of an insolvency in September 1825 does not establish an insolvency in June 1825, when this note fell due.
Hamilton, for plff. replied, that even an indorser was not entitled to notice when the drawer was insolvent; and it was not necessary to prove an actual insolvency. The privilege of writing over a blank indorsement is not confined to negociable paper. 8 Com. LawRep. 8
That if they thought this note a continuation of the old transaction, and the parties did not intend to change the nature of the security, but that the note was made payable to Erwin by mistake, the plff. could not recover, as no demand and notice were proved.
That if the jury should think the parties intended to change the nature of the security, the effect of this note and indorsement would be to make Cyrus Lamborn a general surety or guarantor, and the plff. would be entitled to write over his blank indorsement a promise consistent with this new form of obligation. But as a guarantor deft. was entitled to notice of Eli Lamborn's default to pay unless an insolvency is proved, which will excuse the want of notice.Brooks vs. Morgan, ante 123.
 The deft. had a verdict.