# CASES

# SUPREME JUDICIAL COURT,

# WESTERN DISTRICT,

## 1853.

---

## COUNTY OF FRANKLIN.

---

### GENNINGS *versus* NORTON.

Upon a bond conditioned to *pay* an outstanding mortgage upon land purchased by the obligee, the right of action accrues at the expiration of a reasonable time after the mortgagee would have been compellable to receive payment of the mortgage.

Upon a bond conditioned to *save harmless* from such a mortgage, no right of action accrues until the obligee has been subjected to some injury.

Upon such a bond, a liability to loss, if attended with inconvenience to the obligee, constitutes a breach, and gives an immediate right of action.

In a suit upon such a bond, commenced after a breach, the damage occurring during its pendency may be included in the judgment.

When, in such a case, the conditional judgment upon the mortgage has been recovered against one to whom the obligee had, without covenants of warranty, conveyed a part of the land, and the obligee has paid the amount of the judgment; *Held,* that, (as such payment lifted the mortgage from his own part of the land as well as from that of his grantee,) he may, in a suit upon the bond, recover for the amount due on the mortgage; but not for the cost in that judgment, the payment of the same having been voluntary.

For necessary services rendered and expenses paid in defending a suit, brought upon such mortgage against the obligee, he is entitled to recover compensation in his suit upon the bond.

On Report from *Nisi Prius*, Wells, J., presiding.

Debt on Bond.

Prior to 1824, one Gower held an outstanding mortgage of a lot of land to secure a note payable on Sept. 15, 1828. This mortgage was afterwards assigned to Calvin S. Douty.

In 1824, one Pierce deeded the land with covenants of general warranty to the plaintiff, and gave him a bond, with sureties, conditioned to clear the property from the incumbrance of said mortgage and save him harmless from all damage, cost and injury on account thereof.

The plaintiff conveyed a part of the land by deed of warranty to B. & N. S. Allen. On January 28, 1851, Douty commenced two actions upon the mortgage, one against the Allens and the other against the plaintiff. The Allens gave to this plaintiff a release from his covenants of warranty to them, and used him as a witness in the suit against them.

On October 23, 1852, the conditional judgment for $188,43, was entered for Douty in each of the suits, and for costs in the suit against the Allens, amounting to $38,07.

Afterwards, on the same day, this plaintiff paid to Douty the whole amount so recovered, being $226,50, and took from him a quitclaim deed of the mortgaged land. The plaintiff also paid to counsel $12 for attending to *each of the actions* in Court. He also paid $10,40, for witnesses, and $2, for a deposition in the suit against himself. His personal services and expenses were estimated at $20.

This defendant was a surety in the bond of indemnity given by Pierce to the plaintiff. This suit is upon that bond. It was commenced on February 4, 1851, a few days subsequent to the commencement of Douty's actions, but prior to the recovery of his judgments.

The case was submitted to the Court, with jury powers as to inferences of fact.

*H. & H. Belcher,* for the plaintiff.

1. The defendant's obligation, under the bond, was to discharge the debt, due on the mortgage, at its pay-day, or in a

reasonable time afterwards. But he never paid it. Hence there was a breach of the bond.

There was also a further obligation under the bond. *It* was to save the plaintiff harmless from loss and injury by the mortgage. This obligation was not kept.

There must, therefore, be judgment for the penalty. In such cases, the damages are computed up to the rendition of the judgment. R. S. c. 115, § 78; Stat. of 1842, c. 31 § 9; *Waldo* v. *Forbes*, 1 Mass. 10; *Fish* v. *Dana*, 10 Mass. 46.

2. Though the condition of the bond was broken soon after its date, there was a continuing right of action, so long as the incumbrance of the mortgage remained. The statute of limitations, therefore, is not applicable.

3. The plaintiff is entitled to recover not only the amount of the conditional judgment, but also for having paid the bill of cost recovered by *Douty* v. *Allen*. True he had obtained a release from his covenants to them; but it is not to be presumed that he obtained it without having paid them the amount of their exposure under the mortgage.

It is plain that he is entitled to recover for his own services and expenses and for the $24, paid by him for counsel fees, and the $12,40, paid for the witnesses and for the deposition.

*Cutler*, for the defendant.

1. The bond contained virtually but a single covenant. The contract to save harmless was of the same import as that to clear the incumbrances.

The right of action accrued, therefore, as early at least as the note was dishonored, which was in Sep. 1828. The suit was not brought until 1851. It is therefore barred. Statute of Limitation, R. S. c. 146, § 11; *Clark* v. *Swift*, 3 Metc. 390; R. S. c. 115, § 78, compared with Statute of 1821, c. 50, § 3; Statute of 1842, c. 31, § 9.

2. But if the bond contained two covenants, and if the agreement to save harmless was a different one from that to clear the incumbrance, that agreement to save harmless was not broken when this suit was commenced. No " damage,

cost or injury" had then accrued to the plaintiff. *Gardner* v. *Niles*, 16 Maine, 279 ; *Boynton* v. *Dalrymple*, 16 Pick. 147.

3. Should there be occasion to examine the question of damages, there can be no recovery by the plaintiff for the amount of the cost in the suit against the Allens. For they had released him from his covenants. He had, therefore, no occasion to pay that cost. His act was merely voluntary.

4. For the other expenditures claimed by the plaintiff, his remedy, if any, must be by *scire facias* for further damage.

SHEPLEY, C. J. — The plaintiff purchased a tract of land of Samuel Pierce on January 23, 1824, which was subject to a mortgage previously made to James Gower.

The bond upon which this suit has been commenced, was executed on the same day by Pierce and by the defendant, and another person, as his sureties, with a condition providing, that they "shall clear the property conveyed by said deed from the incumbrance of said mortgage, and save the said Gennings harmless from all damage, cost and injury on account of said mortgage."

It appears, that the mortgage had been executed on December 25, 1820, to secure the payment of certain notes, the last of which did not become payable before September 15, 1828. Two suits were commenced by Calvin S. Douty, an assignee of that mortgage, on January 28, 1851, to recover possession of the premises. One of these suits was against the plaintiff, and the other against Benjamin and Newman S. Allen, to whom a part of the premises had been conveyed by the plaintiff, by a deed containing covenants of warranty. This suit upon the bond was commenced on February 4, 1851, before the session of the court, to which those two suits were made returnable.

1. The counsel for the defendant insists, that the bond contains a single covenant only, and that a cause of action accrued thereon more than twenty years before the commencement of this suit, which is barred by the statute of limitations, c. 146, § 11, providing, that all personal actions shall be

brought within twenty years after the accruing of the cause of action.

If the bond could be regarded as containing only a single covenant or stipulation, this objection might be fatal. No time being named in the bond when the estate should be cleared from the incumbrance, the law would allow a reasonable time for it after the mortgagee would be obliged to receive payment.

When a reasonable time after Sept. 15, 1828 had elapsed, a right of action would accrue to the obligee ; and more than twenty years had elapsed since that time before the commencement of this suit.

The bond cannot be regarded as containing but one stipulation. The obligors engage not only to clear the property from the incumbrance, but to save the obligee harmless from all damage, cost and injury, on account of it. The obligee might be subjected to cost and injury without having discharged the mortgage, and the obligors might then pay the debt, and extinguish the mortgage, and if the stipulations were regarded as single, the obligee would be without remedy to recover damages for the cost and injury, to which he had been previously subjected. This could not have been the intention of the parties. There are two distinct clauses, and the language used will not admit the construction insisted upon.

2. It is insisted, that there had been no breach of the covenant to save harmless, when this suit was commenced.

The plaintiff does not prove, that he had paid any thing before that time on account of damages or costs. The only injury, which he appears then to have suffered, arose out of the commencement of the suits to recover the estate from him and from his grantees. He was then liable to be seriously injured thereby, and it would be his duty as a prudent man to take measures immediately to ascertain, whether the incumbrance had been extinguished and to make all needful preparations to defend those suits unless satisfied upon investigation, that no defence could be legally made.

This duty he must be presumed to have performed. He

appears to have applied to counsel and to have concluded to have a suit commenced. A liability to injury attended with any inconvenience or damage to the obligee, on account of the neglect of the obligors, will constitute a breach of a bond to save harmless. *Lyman* v. *Lull*, 4 N. H. 497. The Court, being authorized by agreement of parties to draw such inferences as a jury might, must conclude that the plaintiff was subjected to loss of time, if not to expense, within a week after two suits had been commenced to take the estate from him and from his grantees after it had been for so long a time quietly enjoyed, and that he was not therefore saved harmless.

3. It is insisted that the plaintiff cannot be entitled to recover for damages, suffered after the commencement of the suit and before the close of the trial. It is admitted, that the decision was otherwise in the case of *Gardner* v. *Niles*, 16 Maine, 279; but it is said, that the reason for such a decision under the statute then in force, providing a remedy for the recovery of further damages for other breaches by writ of *sci. fa.*, does not exist under the present statute providing such a remedy by a new suit upon the bond.

Although the remedies are different under the different statutes for the recovery of further damages, for other breaches, there is no material difference in the mode provided for the assessment of damages in an action after proof of a breach of the bond. Under each statute, judgment is to be entered for the penal sum, and execution is to be issued for the amount of damages proved. The damages, for which execution is to be issued, may be composed in part of damages suffered at any time before the conclusion of the trial.

4. As the plaintiff received a release of the covenants, contained in his conveyance to the Allens, it is insisted, that he cannot recover for the amount paid to Douty to satisfy his judgment recovered against the Allens. The satisfaction of that judgment extinguished the mortgage, which included the estate of the plaintiff as well as the estate conveyed to the Allens. The estate of the plaintiff continued to be liable to be taken to pay the whole amount due upon the mortgage

after judgment had been recovered against the Allens. He might therefore relieve his estate from the incumbrance which it was the duty of the defendant to have extinguished ; and he may recover for that amount in this action. But he cannot recover for the costs paid in the suit, Douty against the Allens. Nor for the counsel fees paid in that suit. He was under no obligation to make such payments after he had received a release of the covenants contained in his conveyance to the Allens. Having made voluntary payments to them or for them, they do not constitute a legal claim against the defendant.

He will be entitled to recover the amount paid to extinguish the mortgage ; for the counsel fees in the action against himself; the amount paid to witnesses in same action ; the amount paid for taking a deposition in same, and the agreed sum for his personal expenses and time.

*Defendant defaulted.*