31　701
74　820
31　701
80　66

EDWARD R. M'LEAN, Ex'or, et al. *v.* FRANCIS B. RAGSDALE.

1. STATUTE OF LIMITATIONS : MORTGAGE.—The Statute of Limitations commences running against a bill to foreclose a mortgage from the time the condition is broken.

2. SURETY : MORTGAGE FOR INDEMNITY, WHEN RIGHT TO FORECLOSE ACCRUES.—The condition of a mortgage executed by the principal debtor to his surety, to indemnify the latter against loss or damage arising from the payment of the debt, is not broken until actual payment made by the surety, and his right to foreclose the mortgage does not accrue until that time. See 8 M. & W. 680 ; 14 John. R. 368 ; 10 Wend. 500 ; 8 John. R. 249.

3. STATUTE OF LIMITATIONS: EXECUTOR AND ADMINISTRATOR.—The 12th section of the Act of 1844, Hutch. Dig. 831, which limits the bringing of suit against executors and administrators to four years after the date of their appointment, does not refer to a case where the plaintiff's right of action did not accrue during the lifetime of the decedent. See 27 Miss. R. 197.

APPEAL from the District Chancery Court at Natchez.    Hon. B. C. Buckley, vice-chancellor.

*George V. Moody,* for appellants,

Cited 4 Cushm. 232; 2 Ib. 180; 5 S. & M. 354; 29 Maine, 455; *Benson* v. *Stewart,* 30 Miss. R. 49.

*W. S. Wilson,* contra,

Cited 27 Miss. R. 94; 25 Ib. 197; Story, Eq. Pl. § 175, 196.

HANDY, J., delivered the opinion of the court.

This was a bill in chancery to foreclose a mortgage under the following circumstances.

Ephraim A. M'Lean and his wife on the 15th of June, 1841, executed the mortgage to Ragsdale and Crane, who were his sureties on a note to the Grand Gulf Bank, dated 27th of January, 1841, and due about the 1st of February, 1842.    The condition specified in the mortgage was that if M'Lean should well and truly pay or cause to be paid to the bank, the sum of money for which the note was given, and also from time to time and at all times thereafter should save harmless and indemnify the sureties from all actions, executions and demands that should at any time thereafter be brought or prosecuted against them on the notes, the conveyance should be void.

M'Lean died in 1848 or 1849, leaving the debt unpaid, and afterwards the assignees of the bank brought suit and recovered judgment against his executors and Ragsdale, the surety, on the 4th of July, 1853, upon the note, and execution issued, upon which the surety paid the debt on the 30th of May, 1854.

The answer shows that letters testamentary were granted on M'Lean's estate on the 26th of June, 1849, and relies on the Statute of Limitations of four years as a bar.

A decree of foreclosure was made, and thereupon this appeal was taken.

The only question necessary to be considered is, whether the complainant's remedy upon the mortgage was barred by the lapse of four years from the time of the grant of letters testamentary before the filing of the bill, under the 12th section of the statute of 1844, Hutch. Dig. 831.

It is insisted, in behalf of the appellants, that the condition of the mortgage was broken upon the failure to pay the note at its maturity in February, 1842; and at all events, that it was broken when the suit in behalf of the Grand Gulf Bank was brought upon it in January, 1850, which was more than four years before the present bill was filed. The correctness of this position depends upon the question, when did the right of action of the surety upon the mortgage accrue, and what is the legal character of the mortgage?

It is plain that the mortgage is a contract of indemnity to the surety against loss and injury, by reason of the payment by him of the debt. The condition, it is true, is that the principal shall promptly pay the note at maturity, and that he will save harmless the surety against actions, &c., on that account. But both of these stipulations have reference to the surety's indemnity, the former being intended to secure that object by a punctual payment of the debt, and the latter being intended to reimburse him in what he might be compelled *to pay* by legal proceedings, or otherwise. They do not contemplate the mere liability of the surety, but his actual payment of the debt, or his liability being fixed by judgment, as the substantial condition upon which the surety should be enforced. If the surety had filed his bill immediately after the maturity of the note, upon its non-payment by the principal, it is plain that he could not have enforced the mortgage without showing that he had paid the money; because he would thereby collect money under a contract of indemnity when he had suffered no loss, and might never sustain any. For the same reason, he could not have collected the money upon a foreclosure, upon the mere fact that he was sued, as no judgment might be rendered against him, and he might never be compelled to pay the money.

The conditions amount to nothing more in legal effect, than a contract to indemnify against damage arising from the payment of money; and in such cases, it is well settled, that the statute begins to run from the time the party indemnified actually pays the money, and not from the time when he becomes liable to pay it. *Colvin* v. *Buckle*, 8 Mees. & Wels. 680; *Platt* v. *Smith*, 14 Johns. Rep. 368; *Rodman* v. *Hedden*, 10 Wend. 500; *Powell* v. *Smith*, 8 Johns. Rep. 249.

Hence the 12th section of the statute relied on has no application to this case, because the complainant's cause of action did not exist against the testator in his lifetime. *Pope* v. *Bowman*, 27 Miss. 197.

It is also objected that the decree should not have been rendered against the defendant, (the testator's widow,) so as to conclude her of her right of dower, because she did not execute the mortgage. The record shows that her name is signed to the instrument, and the certificate of acknowledgment, which is made in due form by a justice of the peace, shows that she acknowledged that she signed, sealed and delivered the same, as her act and deed. This is sufficient evidence of the execution, and coupled with the fact that the deed is in the possession of the mortgagee, it is sufficient evidence of delivery.

The mortgage was therefore sufficient to bind the interest of the mortgagors and that of their heirs, and to subject the premises to the claim set up in the bill.

Decree affirmed.