## SETH P. POOL *v.* B. F. DOSTER ET AL.

1. SUBROGATION. *Principal and surety. Creditor. Indemnity and security.*
   Security given by a principal to his surety in order to avail a creditor
   must be conditioned to secure the debt and enforceable for its pay-
   ment ; and, if it is merely to indemnify the surety, it cannot be
   enforced until he has sustained loss.

2. SAME. *Security for debt. Condition. Contingent liability.*
   Although the security is conditioned for payment of the debt, yet, if
   it stipulates for its enforcement in a specified contingency, it is a mere
   indemnity and available only according to its terms.

3. SAME. *Deed of trust. Power dependent on contingency.*
   A conveyance of land by an administrator to a trustee, with power to
   sell and remunerate sureties on the administration bond when they
   are compelled to pay part of the penalty, is not available to a creditor
   of the intestate, until they are constrained to pay something.

4. SAME. *Grantor's death. Insolvency.*
   The creditor acquires no right to avail himself of the trust deed by the
   principal obligor's death, or by the insolvency of his estate or that
   of his intestate, or by the insolvency of the surety to whom such
   indemnity is given.

5. SAME. *Jurisdiction. Decedent's creditors. Chancery Court.*
   In such a case, the creditor may test his rights in the Chancery Court
   of the county where the debtor's estate is administered, or in that
   of the county where the land lies, the parties reside, and the obligors'
   estates are in process of administration.

APPEAL from the Chancery Court of Clay County.

Hon. F. A. CRITZ, Chancellor.

A creditor of Alfred Ellis, deceased, seeks, in this bill, to
establish his claim and foreclose a trust deed executed by the
administrator, T. S. Ellis, for the benefit of sureties on his
bond. The trust is that if the sureties are discharged the
deed shall be void, but if either of them is compelled by law
to pay any part of the penalty, the trustee shall sell the land
and remunerate him. A surety and T. S. Ellis are dead, and
their estates are insolvent. The other surety and the estate
of Alfred Ellis are also insolvent. Administration of Alfred
Ellis's estate is pending in Lowndes County, but the appellant
proceeded in Clay County, where the land lies, where the

surviving surety and B. F. Doster, who claims the land, reside, and where the estates of the deceased surety and T. S. Ellis are being administered. To the bill, which alleged these facts, the appellees' demurrer was sustained.

*Barry & Beckett*, for the appellant.

1. The jurisdiction is in the Chancery Court of Lowndes County and also in that of Clay County. The only reason for proceeding against Alfred Ellis's estate is to exhaust the remedy on the administration bond and against the intestate's land. *Paine* v. *Pendleton*, 32 Miss. 320; *Webster* v. *Parker*, 42 Miss. 465; *Hollman* v. *Bennett*, 44 Miss. 322. The estate of T. S. Ellis, the land, is the object of the suit, which was properly brought in the county where it is situated, where this estate is in process of administration, and where the persons interested reside. Code 1880, §§ 1834, 1835, 2084; Code 1871, § 976; *Burruss* v. *Fisher*, 23 Miss. 228; *Hunt* v. *Potter*, 58 Miss. 96; *State* v. *Humphreys*, 7 Ohio, 223.

2. The case of *Osborn* v. *Noble*, 46 Miss. 449, is erroneous so far as the *obiter dicta* contained in the opinion are concerned. In *Jones* v. *Quinnipiack Bank*, 29 Conn. 25, the same doctrine is stated. In the latter case, as in the former, the security was strictly a personal indemnity to the surety, and did not provide for payment of the debt, and yet the court held that, if the principal became insolvent, the surety could not release. Both these cases are against the weight of authority. *Ross* v. *Wilson*, 7 S. & M. 753; *Hinsdill* v. *Murray*, 6 Vt. 136; *Whipple* v. *Briggs*, 28 Vt. 65; *Kirkpatrick* v. *Howk*, 80 Ill. 122; 1 Story Eq. Jur. § 499. In the case at bar, however, there was no release, and the decisions are uniform that the creditor, under such circumstances, can enforce the trust deed. *Belcher* v. *Hartford Bank*, 15 Conn. 381; *Lewis* v. *DeForest*, 20 Conn. 427; *Ohio Life Ins. Co.* v. *Reeder*, 18 Ohio, 35; *Keyes* v. *Brush*, 2 Paige, 311–313; *Markell* v. *Eichelberger*, 12 Md. 78; *Moses* v. *Murgatroyd*, 1 John. Ch. 119; *Kip* v. *Bank of New York*, 10 John. 63; *Van Orden* v. *Durham*, 35 Cal. 136, 145, 146. It makes no difference whether the security is for the payment of the debt or is for the mere personal indemnity of the surety. In either case, when the principal debtor becomes insolvent, and the creditor has no other means

of enforcing his demand, he may resort to the security. *New Bedford Savings Ins.* v. *Fairhaven Bank*, 9 Allen, 175, 178 ; *Vail* v. *Foster*, 4 N. Y. 312 ; *Aldrich* v. *Martin*, 4 R. I. 520 ; *Belcher* v. *Hartford Bank*, 15 Conn. 381, 383 ; *Lewis* v. *DeForest*, 20 Conn. 427, 441–444 ; *Tilford* v. *James*, 7 B. Mon. 336, 337 ; *Bank* v. *Stewart*, 4 Dana, 27 ; *Haven* v. *Foley*, 18 Mo. 136, 139 ; *Breedlove* v. *Stump*, 3 Yerger, 257 ; *Kirkman* v. *Bank of America*, 2 Cold. 397, 407 ; *Roberts* v. *Richards*, 36 Ill. 339, 342, 343 ; *Bishop* v. *O'Conner*, 69 Ill. 431, 437 ; *Constant* v. *Matteson*, 22 Ill. 546, 556, 557 ; *Seibert* v. *True*, 8 Kansas, 52, 62, 63 ; *Saffold* v. *Wade*, 51 Ala. 214 ; *Watson* v. *Rose*, 51 Ala. 292 ; *Carman* v. *Noble*, 9 Penn. St. 366. 371, 372 ; *Cornwell's Appeal*, 7 Watts & S. 305, 307 ; *Ohio Life Ins. Co.* v. *Reeder*, 18 Ohio, 35, 46, 47 ; *Van Orden* v. *Durham*, 35 Cal. 136, 144 ; *Markell* v. *Eichelberger*, 12 Md. 78, 84 ; *Owens* v. *Miller*, 29 Md. 144, 161 ; *Moses* v. *Murgatroyd*, 1 John. Ch. 119 ; *Keyes* v. *Brush*, 2 Paige, 311, 312, 313 ; *Wright* v. *Morley*, 11 Ves. 12 ; *Bank* v. *Douglass*, 4 Watts, 95 ; *Miller* v. *Howry*, 3 P. & W. 374 ; *Haven* v. *Foley*, 19 Mo. 632.

3. Cases cited in support of the decision in *Osborn* v. *Noble*, *ubi supra*, proceed on a misconception of the effect of the instruments. A security to be void on payment of the debt is conditioned for such payment. *Carpenter* v. *Bowen*, 42 Miss. 28 ; *Paris* v. *Hulett*, 26 Vt. 308 ; *Eastman* v. *Foster*, 8 Met. 19 ; *Roberts* v. *Colvin*, 3 Gratt. 358 ; *Ohio Life Ins. Co.* v. *Ledyard*, 8 Ala. 866 ; *Helm* v. *Young*, 9 B. Mon. 394. It is admitted, in *Osborn* v. *Noble*, that the creditor is entitled to be subrogated to the surety's rights, and that the only reason why the former cannot enforce the security is that the latter cannot. This is an erroneous view. When the principal and surety are insolvent, the creditor may protect himself in advance of injury by a restraining order, and the court having jurisdiction for one purpose will grant full relief. *Henry* v. *Compton*, 2 Head, 549 ; *Saylors* v. *Saylors*, 3 Heisk. 525, 532 ; *Harlan* v. *Sweeny*, 1 Lea (Tenn.), 682, 686 ; *Green* v. *Crockett*, 2 Dev. & Bat. Eq. 390 ; *Rice* v. *Downing*, 12 B. Mon. 44 ; *Keokuk* v. *Love*, 31 Iowa, 119, 124 ; *Towe* v. *Newbold*, 4 Jones Eq. 212, 214 ; *Bunting* v. *Ricks*, 2 Dev. & Bat. Eq. 130 ; *Daniel*

v. *Joyner*, 3 Ired. Eq. 513, 520, 521; *Kunkel* v. *Fitzhugh*, 22 Md. 567, 576; *Keyes* v. *Brush*, 2 Paige, 311, 313; *Curtis* v. *Tyler*, 9 Paige, 432; *Moses* v. *Murgatroyd*, 1 John. Ch. 119; *Saffold* v. *Wade*, 51 Ala. 214; *Toulmin* v. *Hamilton*, 7 Ala. 362; *Breedlove* v. *Stump*, 3 Yerger, 257, 267; *Russell* v. *Clark*, 7 Cranch, 69; *Carman* v. *Noble*, 9 Penn. St. 366, 371. The character of the instrument is fixed by its condition, and the condition is the happening of that event or contingency which will discharge the trust. It is not a question of contract. *New Bedford Savings Ins.* v. *Fairhaven Bank*, 9 Allen, 175, 178; *Hopewell* v. *Cumberland Bank*, 10 Leigh, 206; *Osborn* v. *Noble*, 46 Miss. 449. This instrument is not a mere personal indemnity, but a security for the administration bond. It is conditioned for the surety's discharge, and was broken when a legal claim upon the obligation was preferred. *Miller* v. *Howry*, 3 P. & W. 374; *Bank* v. *Douglass*, 4 Watts, 95; *Stroh* v. *Kimmel*, 8 Watts, 157; *Carman* v. *Noble*, 9 Penn. St. 366.

*R. C. Beckett*, on the same side, argued orally.

*L. F. Bradshaw*, for the appellees.

1. The Chancery Court of Clay County has no jurisdiction. Alfred Ellis's estate is in process of administration in the Chancery Court of Lowndes County, and the bill should have been filed in this court. Code 1880, § 1997. Filing this suit is an effort to change the county for administering the estate. In Lowndes County the appellant could have full relief. The facts that the land covered by the trust deed is in Clay County and that the surety resides there are no reasons for resorting to the court of that county to enforce a demand against an estate pending in another.

2. No judgment has been entered on T. S. Ellis's administration bond; and, consequently, his sureties have sustained no loss. The condition of the trust deed is not broken. This instrument is an indemnity against a contingent liability, and, in such a case, there can be no substitution until the liability becomes absolute. For years this court has adhered to that doctrine, and, in the case of *Osborn* v. *Noble*, 46 Miss. 449, affirmed it, after a thorough review of all the preceding decisions. The bar and the public have acquiesced in this as the

law of this State, and it cannot be now overturned by decisions from other States. Rights have vested and disputes have been settled under this law, which should stand unless plainly wrong. The following cases are in harmony with the case of Osborn v. *Noble, ubi supra,* and were authority for that decision : *Bibb* v. *Martin,* 14 S. & M. 87 ; *Bush* v. *Stamps,* 26 Miss. 463 ; *M'Lean* v. *Ragsdale,* 31 Miss. 701.

CAMPBELL, J., delivered the opinion of the court.

In this State the distinction has been broadly made between a security given by a principal debtor to his surety, as a personal indemnity to him against loss, and one given as a security for the debt. In the former, it is held that there can be no resort to the security, except as a means to indemnify the surety according to the terms of the instrument creating it, while in the latter the security may be made available by the creditor as a trust for the payment of his demand. The reported cases announcing the view taken of a security for the surety's indemnity are *Bibb* v. *Martin,* 14 S. & M. 87 ; *Bush* v. *Stamps,* 26 Miss. 463 ; *M'Lean* v. *Ragsdale,* 31 Miss. 701 ; and *Osborn* v. *Noble,* 46 Miss. 449. Those illustrating the character of securities available to the creditor as a security for the debt are *Ross* v. *Wilson,* 7 S. & M. 753 ; *Dick* v. *Mawry,* 9 S. & M. 448, and *Carpenter* v. *Bowen,* 42 Miss. 28. This distinction is noticed in Brandt on Suretyship and Guaranty, §§ 285, 286 ; and in Leading Cases in Equity, vol. i., pt. i., p. 175 *et seq.,* where the cases in this State and in other States are cited.

In none of our cases is any mention made of the insolvency of the surety to whom a security for his indemnity was given as affecting the rights of parties. In *Bush* v. *Stamps,* cited above, the principal and surety were both discharged bankrupts, and this was held to make no difference, because the surety had no right before his bankruptcy to enforce the security, and the creditor was confined to the rights which the surety then had, and as no right could ever be enforced by the surety none was available to the creditor. Upon the principle of our cases as to securities as mere indemnity to the surety, his supervening insolvency could not create a right in the creditor which he would not otherwise have to resort to the

security given to the surety. That principle is that the surety must suffer loss or damage from the default of the principal before he can resort to the security, and he must have the right to enforce it before the creditor can.

The rule deducible from our decisions is, that to make a security available to the creditor, it must be conditioned for the payment of the debt, and for enforcement on default in its payment: in other words, it must be expressed to be for the security of the debt, and to be enforceable for its payment; or otherwise it will not be held to be enforceable in behalf of the creditor. And even if the security is conditioned for payment of the debt, but stipulates for its enforcement in a specified contingency, it will be held to be a mere indemnity to the surety, and only enforceable as such according to its terms. *Bush* v. *Stamps*, 26 Miss. 463; *M'Lean* v. *Ragsdale*, 31 Miss. 701.

Whether these decisions are right or wrong is not the question. They are unmistakable in their effect, and have been long acquiesced in, and doubtless have constituted the basis of many transactions, so as to be justly regarded as forming a rule of property, and we will not disturb them. They are not in harmony with many cases in other States, and may not be defensible on the principle of the doctrine of the right of the creditor to be substituted to all the securities held by the surety, but they furnish the rule in this State. The security sought to be availed of by the creditor in this case belongs to the class held to. be a mere indemnity for the surety, and as the surety has not been compelled to pay anything, and that is made by the deed of trust the contingency on which it may be enforced, the bill was demurrable.

The suit was rightly brought in Clay County. It might also have been brought in Lowndes County.

*Decree affirmed.*