# Lane *v.* Westmoreland.

### *Bill in Equity for Foreclosure of Mortgage.*

1. *Surety's right to coerce indemnity.*—As a general rule, a surety or guarantor can not recover indemnity until he has been damnified—that is, until he has paid the debt; and even a payment, if made voluntarily and unnecessarily, neither increases nor accelerates his right to coerce indemnity.

2. *Extinguishment of debt, by appointment of debtor as administrator of creditor's estate.*—When the executor of a deceased creditor recovers a judgment against the debtor, and the latter becomes his successor in the administration, the judgment is extinguished by operation of law, the duty to pay and the right to receive being united in the same person.

3. *Same; surety's right to indemnity.*—The defendant in a judgment at law, having created the debt for the joint benefit of himself and several other persons, from whom he took a mortgage, with power of sale, conditioned that he "should have said judgment to pay out of the proceeds of his own property;" and having afterwards become the administrator of the estate of the deceased creditor, whereby the debt was extinguished by operation of law, may then foreclose the mortgage, notwithstanding his voluntary act in taking on himself the administration of the creditor's estate.

APPEAL from the Chancery Court of Madison.
Heard before the Hon. S. K. McSPADDEN.
VOL. LXXIX.

[Lane v. Westmoreland.]

The bill in this case was filed on the 5th August, 1885, by Mrs. May F. Westmoreland (formerly Lane) and her husband, Theodore Westmoreland, against Mrs. Martha N. Lane and others; and sought to foreclose a mortgage, a copy of which was made an exhibit to the bill. The mortgage was dated June 16th, 1882, and was signed by all of the defendants. Its recitals and condition were in these words:

"Know all men by these presents, that Martha N. Lane was the owner of certain real estate hereinafter described, which was sold for taxes on the same; and whereas the said Martha N. was, at the time, unable to redeem the said real estate; and whereas May F. Lane, now Westmoreland, borrowed a certain sum of money from James M. Lane, for which she executed her promissory note for $600, and which was due on the 29th July, 1873; and whereas said money was used for the purpose of redeeming the said real estate which had been sold for taxes as aforesaid; and the said James M. Lane has departed this life since the execution of said note, and Elijah M. Hussey, as the executor of his last will and testament, brought suit on said note, and recovered a judgment against the said May F. Lane (now Westmoreland), at the Spring term, 1877, of the Circuit Court of Limestone county, which judgment is still unsettled and unsatisfied: Now, this indenture, made and entered into by Martha N. Lane, Kate Lane Townes and her husband, Robert R. Townes, Hestor D. Lane and his wife, Madge M. Lane, and Charles P. Lane and his wife, Ella A. Lane, for and in consideration that they are indebted to the said May F. Westmoreland in the sum of $1,050.70, being the full amount of said judgment, with interest and costs to this date; now, therefore, for the purpose of securing the said May F. Westmoreland in the payment of said sum of $1,050.70, in case she should have to pay the same, we have granted," &c.; "upon condition, however, that if the said May F. Westmoreland should have said judgment to pay out of the proceeds of her own property, or should have to pay said judgment in cash to keep her own property from being levied on and sold, then she should advertise said property for sale, for thirty days," sell the same, and pay the said debt, with interest and costs, &c.; "but, if the said May F. Westmoreland should never have said judgment to pay, then this obligation to be void."

The bill alleged that Mrs. Martha N. Lane owned a life-estate only in the property, the remainder being vested in the complainant and the several defendants; that E. M. Hussey, the executor, died soon after the execution of the mortgage, and that letters of administration *de bonis non* on the estate of said James M. Lane were granted, in October, 1882, to Mrs. Westmoreland and her husband; and they insisted that the

judgment against her was thereby paid and extinguished, and they were entitled to foreclose the mortgage.  •

The defendants demurred to the bill, for want of equity, on the ground that the condition had never been performed; and that the complainants could not, by their voluntary act in taking on themselves the administration of the estate of the deceased creditor, impose any liability on the mortgagors. The chancellor overruled the demurrer, and his decree is now assigned as error.

L. W. DAY, and SHELBY, WALKER & SPRAGINS, for the appellants, cited the following authorities : Brandt on Suretyship, §§ 191–94 ; 2 Jones on Mortgages, §§ 379–87, 1213, 1471–2, 1489 ; *Savings Bank v. Pomeroy*, 115 Mass. 573 ; *Tilford v. James*, 7 B. Mon. 336 ; 38 N. H. 127; *McLean v. Ragsdale*, 31 Miss. 701 ; *Curtis v. Goodenow*, 21 Mich. 18; *Coleman v. Post*, 10 Mich. 422 ; 21 Mich. 276 ; 8 Conn. 37 ; 68 Maine, 449 ; 34 Ala. 404; 77 Ala. 553, 572.

R. C. BRICKELL, *contra*, cited 2 Williams on Executors, 1418–24; 2 Jones on Mortgages, § 1188 ; *Miller v. Irby*, 63 Ala. 482 ; *Leland v. Felton*, 1 Allen, Mass. 531 ; *Butler v. Ladue*, 12 Mich. 173.

STONE, C. J.—A surety, or guarantor, can not recover indemnity from the principal, or indemnitor, until he has been damnified ; in other words, until he has paid the debt; unless there is a clause in the contract of indemnity, which varies this general rule. And even a payment, improperly or needlessly made, is insufficient to fix the liability of the guarantor. To have that effect, there must be a present legal liability to pay. If the instrument sets forth the event, or contingency, on the happening of which the payment may be made ; or, if, considering the entire transaction, certain future or contingent events, one or more, must precede the liability to pay, their payment can not properly be made until the happening of such event. (The liability of the principal can not be increased nor accelerated by the voluntary, unnecessary act of the surety. He must wait until he is legally liable to pay, and subject to be coerced to pay. Of course, we speak of the general rule; for, if there be special stipulations, they determine the mode and measure of liability.—Brandt on Suretyship, §§ 191, 194 ; *Reynolds v. Magness*, 2 Ired. Law, 26 ; *St. Albans v. Curtis*, 1 D. Chipm. 164; *Gennings v. Norton*, 35 Me. 308 ; *Gilbert v. Wiman*, 1 Comst. 550 ; *Gibbs v. Mennard*, 6 Paige, 258 ; *Shepard v. Shepard*, 6 Conn. 37 ; *Kieffer v. Kieffer*, 3 Bin. 126 ; *McLean v. Ragsdale*, 31 Miss.

701; *Hollinsbee v. Ritchey*, 49 Ind. 261; *Pope v. Davidson*, 5 J. J. Marsh. 400.

The present bill was filed to foreclose a mortgage on real estate, described in the bill and mortgage attached to it as an exhibit. In the property mortgaged, Martha N. Lane had a life-estate, remainder to May F. Lane, Kate L. Townes, Hector D. Lane and Charles P. Lane, as tenants in common. The life-tenant, Martha N. Lane, failing to pay the taxes, the land— a town lot—was sold for their payment. To redeem the lot from such tax-sale, May F. borrowed money from James M. Lane, and gave her note therefor. With that money the lot was redeemed. James M. Lane died, and Hussey, his executor, brought suit on said note, and recovered judgment against May F., for the amount of the note and interest. Thereupon, Martha N. Lane, the life-tenant, and the remaining three tenants in remainder, united in the execution of a mortgage on said lot to the said May F., to indemnify her against liability on said judgment, with power of sale on a contingency therein expressed. May F. had then become the wife of Thos. Westmoreland.

After the execution of said mortgage, the said judgment still remaining uncollected, Hussey, the executor, died, and Thos. Westmoreland and May F., his wife, were appointed and qualified as administrator and administratrix *de bonis non* with the will annexed, of the estate of James M. Lane. The present bill is filed by May F. Westmoreland and her husband, as joint complainants, and prays a foreclosure of said mortgage, and a sale of the lot for that purpose. There was a demurrer to the bill, which the chancellor overruled; and from that decretal order this appeal is prosecuted.

The power of sale in the mortgage is expressed in the following language: "Upon condition, however, that if the said May F. Westmoreland should have said judgment to pay out of the proceeds of her own property," etc., then she may advertise and sell. The *gravamen* of the demurrer is, that the bill fails to show the judgment has been paid, and especially fails to show it has been paid out of the proceeds of Mrs. Westmoreland's property.

The theory on which the equity of the bill is rested is, that when Mrs. Westmorland became one of the administrators of James M. Lane's estate, and qualified as such, she thereby acquired the right to receive and recover the money due from herself on said judgment; and, filling the dual relation of both debtor and creditor—the obligation to pay and the duty to collect centering in her—the law, from the necessity of the case, pronounced the debt paid. This is undoubtedly the law. The debt, as a debt against Mrs. Westmoreland individually,

[Lane v. Westmoreland.]

became extinguished, and a liability for a corresponding amount attached at the same instant to her, as administratrix of James M. Lane. This was assets in her hands as administratrix, liable for debts and for distribution ; and neither herself nor her sureties could question the liability, nor the amount of it. It was money assets in hand.—*Miller v. Irby*, 63 Ala. 477 ; *Leland v. Felton*, 1 Allen, 531 ; 2 Wms. Ex'rs, Perkins' edition, 1421 ; m. p. 1311.

It is contended, however, that this is only a constructive payment, and that it was not made by Mrs. Westmoreland with the proceeds of her own property. With whose property, or its proceeds, was it made ? Certainly, not the property of defendants, nor of any other third person or party. The meaning of this clause is, that this liability is to be extinguished by Mrs. Westmoreland's own means and resources ; and if she had borrowed money, and with it discharged the judgment, it certainly could have made no material difference in the case. Technical strictness in such cases is not required. *Daniel v. Hunt*, 77 Ala. 567 ; 2 Jones on Mortgages, §§ 1188, 1471 ; *Tilford v. James*, 7 B. Monroe, 336 ; *Butler v. Ladue*, 12 Mich. 173.

It is objected, however, that Mrs. Westmoreland's payment must be treated as voluntary, because she voluntarily took upon herself the administration, which effected the constructive payment. We can not agree to this. It is the policy of the law that good and suitable persons shall be appointed to the administration of estates ; and if, in making such appointment, results, such as are here complained of, follow, this is no reason why the selection should not be made, nor why all legitimate consequences should not follow from it. Voluntarily taking the administration, can not be regarded as the equivalent of a voluntary payment of the debt. The payment is but the legal effect of an act, lawful in itself, and not apparently intended to bring it about. We do not consider such case within the rule, which condemns a voluntary and unnecessary payment.

It is the duty of the personal representative of an estate, to reduce the assets into his possession, as soon as he conveniently may. This, that he may pay the debts of the estate, if there be such, and distribute the *residuum*, as the will or the law may direct. No person, whether debtor to the estate or outsider, can dispute the right of the personal representative to so possess himself of the assets. What shall become of them afterwards, can not be made an inquiry at this stage of the proceeding. The law determines that..

There is no misjoinder of parties complainant.—*Sawyers v. Baker*, 72 Ala. 49.

Affirmed.