BRUTUS J. CLAY ET AL. v. LUCY C. FREEMAN ET AL.

1. SUBROGATION. *Principal and surety. Creditor. Indemnity. Security.*

   A security given by a principal to his surety, which is not conditioned to secure the debt, but merely to indemnify the surety, cannot be enforced by the creditor.

2. SAME. *Contingent liability.*

   Even if the security in such case is conditioned to pay the debt if it provides for its enforcement only upon a certain contingency, it is a mere indemnity, and can be enforced only according to its stipulations.

FROM the chancery court of Bolivar county.

HON. A. H. LONGINO, Chancellor.

The appellants obtained a money decree, in equity, in the circuit court of the United States for the northern district of Mississippi, at Oxford, against appellee, Lucy C. Freeman.

From this decree said appellee prosecuted an appeal to the United States circuit·court of appeals at New Orleans, the appellees, Charles Scott and F. M. Scott, becoming sureties upon the appeal bond. At the time of the execution of the bond, the principal therein and one D. J. Field executed and delivered to the sureties a writing obligatory, which was in form a conveyance of certain lands to one Woods, as a trustee, and which, after reciting the decree, appeal, the execution of the appeal bond and an agreement to hold the sureties on the bond harmless, provided, the term "we" meaning the grantors or makers of the writing: "Now, therefore, if said Lucy C. Freeman prosecutes said appeal with effect, and if she shall answer all costs and damages if she fail to make good her appeal, and if we promptly pay any judgment or decree that may be rendered against said Charles Scott and said F. M. Scott, sureties on said bond, and if we promptly pay indemnity to them and hold them harmless as such sureties, then this conveyance shall be void."

The decree was affirmed by the circuit court of appeals, and appellants obtained judgment upon the appeal bond, upon which an execution was issued with return *nulla bona*. This suit was then instituted by appellants to subject the lands conveyed to Woods, trustee, in the writing obligatory executed by Lucy C. Freeman and Field to the sureties, Charles Scott and F. M. Scott, to the payment of the original decree. The court below decreed for defendants, and the complainants appealed.

*Nugent & McWillie*, for appellants.

Looking to the face of the trust deed, it will be seen that it is not the character of instrument contended for by appellees. After stating that the Scotts had, at request, signed as sureties the bond for $5,400, and the agreement to hold them harmless, the deed recites the following: "Now, therefore, if said Lucy C. Freeman prosecutes said appeal with effect, and if she shall

answer all costs and damages if she shall fail to make good her appeal, and if we promptly pay any judgment or decree that may be entered against said Charles Scott and said F. M. Scott, sureties on said bond, and if we promptly pay indemnity to them and hold them harmless as such sureties, then this conveyance shall be void.'' The appellants recovered judgment on the appeal bond against the Scotts, who are insolvent, and the very condition in which liability attaches by the terms of the deed has arisen. The trust deed in the case does not differ materially from that in the Hemingway case. *State* v. *Hemingway*, 69 Miss., 505. The grantors provided the conveyance as a means of paying the judgment recovered on the supersedeas bond, which bond served the purpose intended. It is manifest, in this case, that the trust deed was intended to be availed of by the creditor in case the appellant secured judgment against the Scotts, and this is a full answer to the objections of counsel.

*Sillers & Owens* and *Brame & Alexander*, for appellee.

The law is well settled, and with perfect unanimity, that a creditor is never subrogated to the security which a stranger has given to indemnify the sureties of the debtor. It is not necessary to cite the cases in detail. The rule is clearly announced in Brandt on Suretyship, sec. 326. On this ground alone the chancery court rightly dismissed the bill. It is a settled rule in the matter of suretyship that a security given by a principal to his surety, in order to avail a creditor, must be conditioned to secure the debt. If it is merely to indemnify the surety, it cannot be enforced until the latter has sustained loss. Where the security is not for the payment of the debt, but as a personal indemnity, the creditor cannot be substituted to it and enforce it, at least until the surety has suffered the loss. The surety must have the right to enforce it before the creditor can. A reference to the text-book above cited will show that this court has gone further in recognizing this distinction than the courts of most states. *Poole* v. *Doster*, 59

Miss., 258; *Bush* v. *Stamps*, 26 Miss., 463; *McLean* v. *Ragsdale*, 31 *Ib.*, 701.

The rule that substitution to a personal indemnity will not be allowed is recognized as the law in Brandt on Suretyship, sec. 326. We refer the court, also, to *Hampton* v. *Phipps*, 108 U. S., 260; *Leggett* v. *McClelland*, 38 Ohio St., 624; *Taylor* v. *Bank*, 87 Ky., 398; *Macklin* v. *Bank*, 83 *Ib.*, 314.

*Chas. Scott* and *E. H. Woods*, on the same side.

There is no room for applying the doctrine of subrogation, in view of the facts disclosed by the record. "Subrogation is the substitution of another person in the place of the creditor or claimant, to whose rights he succeeds in relation to a debt or claim asserted, which has been paid by him," etc. 24 Am. & Eng. Enc. L., 187. The general rule is, that the right to subrogation does not arise until the default of the principal has been made good.

It seems that there is an exception to this rule if the principal is insolvent, and it is necessary for the court to intervene to protect a surety from a payment that he will be compelled to make; and there is an exception sometimes in case of fraud, in order to protect a surety. *Ib.*, 216, 217; *Magee et al.* v. *Leggett*, 48 Miss., 145, 146.

The general proposition is, that before the right accrues there must be a discharge of legal obligation for another who is under a primary obligation. *Staples* v. *Fox*, 45 Miss., 680. In this case it appears from the pleadings that neither Chas. Scott nor F. M. Scott have paid one cent because of their suretyship on the appeal bond executed by Mrs. Freeman, with them as sureties. Not only has nothing been paid, but it is shown that they can pay nothing, and are expected to pay nothing in the future, because of their insolvency. There is nothing in the record to suggest that either Chas. or F. M. Scott has been damaged in any way as sureties on said appeal bond. Such being the facts, the complainant cannot invoke the doctrine of

subrogation. "Equitable subrogation cannot displace the real contract of the parties." *Trust Co.* v. *Peters,* 72 Miss., 1058.

By reference to the deed of trust executed by Lucy C. Freeman and David J. Field to E. H. Woods, trustee for Chas. and F. M. Scott, it will be seen that it provides only an indemnity to the sureties in case they were forced to and did pay out money on account of their suretyship. Neither Chas. Scott nor F. M. Scott having paid anything whatever on account of such suretyship, have no right to ask for indemnity, and what they could not ask under the contract or trust deed, the complainant shall not be permitted to ask. This is obvious from the terms of the instrument just mentioned.

COOPER, C. J., delivered the opinion of the court.

In *Pool* v. *Doster,* 59 Miss., 258, Judge Campbell, speaking for the court, deduced from our previous decisions, with clearness and precision, the rule by which it is to be determined when a creditor may have the benefit of securities held by the surety of his debtor. We can add nothing to it, and nothing can be taken from it. He said: "The rule deducible from our decisions is, that to make a security available to the creditor, it must be conditioned for the payment of the debt and for enforcement on default in its payment—in other words, it must be expressed to be for the security of the debt, and to be enforceable for its payment, or, otherwise, it will not be held to be enforceable in behalf of the creditor. And even if the security is conditioned for the payment of the debt, but stipulates for its enforcement in a specified contingency, it will be held to be a mere indemnity to the surety, and only enforceable as such according to its terms." In *McLean* v. *Ragsdale,* 31 Miss., 701, the security was conditioned for the payment of the debt, but the court held that this was a mere means for affording indemnity to the surety, and that the creditor was not entitled to its benefit.

One of the conditions of the mortgage in the present suit, *is*

that the debtors should pay any judgment that might be rendered against the sureties, and it also authorizes the sureties to require sale by the trustee in event that this condition is not performed.    But it neither authorizes nor requires the trustee to pay the debt, if the property is converted into money, but directs him to place in the hands of the sureties a sum sufficient to indemnify them against loss.    It thus appears that the sole purpose of the security was to indemnify the sureties, and, under the rule which obtains in this state, the security is not available to the creditor.

*The decree is affirmed.*