WEIR-BOOGER DRY GOODS COMPANY *v.* WILLIAM M. KELLY
ET AL.

PRINCIPAL AND SURETY.    *Replevin bond.    Subrogation of creditor.*

    Sureties on the replevin bond of a claimant of goods under attachment, who are the beneficiaries in a deed of trust made to indemnify them against loss by reason of their suretyship, have no right to enforce the deed of trust until a judgment has been rendered against the claimant and paid by them, and in the absence of such right the attaching creditor cannot be subrogated thereto.

FROM the chancery court of Union county.

HON. HENRY L. MULDROW, Chancellor.

Weir-Booger Dry Goods Co., appellant, was the plaintiff in the court below; Kelly and others, appellees, were defendants there.

The opinion states the case.

*W. H. Clifton,* for appellant.

The bill alleges actual fraud on the part of both buyer and seller in the sale to W. M. Kelly, and contains other averments which might make the transaction assignable to the middle class of cases between actual and constructive fraud, not cognizable in a court of law. *Redfield* v. *Hewes,* 67 Miss., 479; *White* v. *Trotler,* 14 Smed. & M., 32, 45, 46; *Richardson* v. *Brooks,* 52 Miss., 119. The complainant's right of subrogation to the rights of the sureties under the deed of trust could only be worked out in equity. *Carpenter* v. *Bowen,* 42 Miss., 28. The principle stated in *Pool* v. *Doster,* 59 Miss., 262, is recognized, but the liability of the sureties on the claimant's bond could be fixed in equity as well as at law. The ground of demurrer, that the complainant had a remedy at law, was no defense to the bill. They could be required to elect as to which

remedy they would pursue, but the defense could have no other effect. Foster's Fed. Pr., sec. 129; Story's Eq. Pl., sec. 742; Mitford's Ch. Pl., 2, sec. 2, pt. 2; Daniel's Ch. Pl. (2d Am. ed.), secs. 658, 659; 1 Enc. Pl. & Pr., p. 773.

*Stephens, Robertson & Stephens,* for appellees.

The sureties on the claimant's bond having sustained no loss by reason of their suretyship, were without right to enforce the trust deed given to indemnify them, and the appellant could not be subrogated to a right of the sureties which the latter did not themselves have. *Pool* v. *Doster,* 59 Miss., 258; *Bush* v. *Stamps,* 26 *Ib.,* 463; *McLean* v. *Ragsdale,* 31 *Ib.,* 701.

TERRAL, J., delivered the opinion of the court.

On the 10th day of November, 1898, appellant sued out an attachment against the estate of Charles E. Kelly for the sum of $535, alleging among other grounds of attachment that Charles E. Kelly had disposed of his property with intent to defraud his creditors, which writ of attachment was levied upon a stock of goods sold by Charles E. Kelly to W. M. Kelly. W. M. Kelly replevied the stock of goods, and gave bond as claimant, with C. S. Robertson and H. D. Stephens as sureties, in which they agreed to pay appellant $1,070 unless said W. M. Kelly should prosecute with effect his claim to said stock of goods, or would restore said stock of goods to the attaching officer, and pay all damages awarded against him. W. M. Kelly, to indemnify said sureties against loss on account of their suretyship, executed to Liddell a deed of trust conveying to him a certain tract of land therein described. The appellant obtained in the circuit court of Union county a judgment against Charles E. Kelly upon the attachment issue, and also a judgment against Charles E. Kelly for the debt, amounting, principal and interest, to $776.08. W. M. Kelly in due course of law made affidavit to his claim to the stock of goods, and

an issue upon his claim was made up, and was standing for trial at the January term, 1901, of the circuit court, but was continued until the July term, 1901. Thereupon, in May, 1901, appellant filed its bill in the chancery court of said county against said Kellys and the sureties of W. M. Kelly on his replevin bond, setting up the foregoing facts, and praying "to be subrogated to the rights of C. S. Robertson and H. D. Stephens in the transactions of suretyship between them and W. M. Kelly, and the deed of trust" upon the tract of land therein. A demurrer to the bill was sustained; hence this appeal.

It is obvious that Robertson and Stephens have no claim or right of property against W. M. Kelly in the lands contained in the deed of trust, and never will have such right or claim until a judgment shall have been rendered in the circuit court against W. M. Kelly on the claimant's issue, and they shall have paid the same. Their right under the deed of trust is contingent, and not absolute, and until it becomes absolute they have no right to which appellant can be subrogated. *McLean* v. *Ragsdale,* 31 Miss., 701; *Pool* v. *Doster,* 59 Miss., 258; *Bush* v. *Stamps,* 26 Miss., 463.

*Affirmed.*